CAUSE NO. DC-15-631

| | | |
|---|---|---|
| RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, PLAINTIFF, | X X X X X | 381st JUDICIAL DISTRICT |
| VS. | X X | IN THE DISTRICT COURT |
| CITY OF RIO GRANDE AND JOEL VILLARREAL-MAYOR, ARCADIO J. SALINAS, III-COMM. PLACE 1 REY RAMIREZ-COMM. PLACE 2 HERNAN R. GARZA, III,-CITY COMM. PLACE 3 AND DAVE JONES-CITY COMM. PLACE 4, DEFENDANTS. | X X X X X X X | OF STARR COUNTY, TEXAS |

### PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO: THE HONORABLE JUDGE OF THE DISTRICT COURT OF STARR COUNTY, TEXAS:

The Plaintiff RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT files this Second Amended Original Petition against the Defendants alleging a trespass-to-try title action against Defendants under Chapter 22 of the Texas Property Code and pursuant to Rules 783, et seq., Texas Rules of Civil Procedure, and, also, to quiet and remove a cloud on Plaintiff's title to the below-described tract of land caused by a void deed issued to the Defendant City of Rio Grande. Further, Plaintiff requests that a declaratory judgment be issued by the Court defining the effect and force of a deed without warranties made in favor of the Defendant CITY OF RIO GRANDE, as grantee, and recorded in the Deed Records of the Office of the County Clerk of Starr County, Texas, by the Defendants which has created a cloud on Plaintiff's title to the below-described tract of land. In support of this amended pleading, the Plaintiff will show the Court the following:

# I.
# DISCOVERY PLAN REQUEST

Plaintiff requests that the Court place this case under a Level I Discovery Plan.

# II.
# PARTIES AND SERVICE

1. The Plaintiff RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is a state governmental subdivision charged with providing public education to children residing within its geographical area. The Plaintiff RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT has an address of 1South Fort Ringgold, Rio Grande City, Texas, 78582. The Plaintiff is acting by and through its Board of Trustees and its Superintendent Alfredo Garcia.

2. The Defendant CITY OF RIO GRANDE can be served with a copy of this amended pleading through its attorneys of record, Francisco J. Zabarte/Aguilar*Zabarte, L.L.C., at 900 Marine Drive, Brownsville, Texas, 78520. The Defendant CITY OF RIO GRANDE is a local governmental subdivision of the State of Texas.

3. The Defendant JOEL VILLARREAL is a resident of Starr County, Texas, and is the Mayor of the Defendant CITY OF RIO GRANDE. Defendant JOEL VILLAREAL is sued in his official capacity as Mayor of the City of Rio Grande. The Defendant JOEL VILLARREAL can be served with a copy of the amended pleading through his attorneys of record, Francisco J. Zabarte/Aguilar*Zabarte, L.L.C., at 900 Marine Drive, Brownsville, Texas, 78520.

4. The Defendant ARCADIO J. SALINAS, III, is a resident of Starr County, Texas and is the City Commissioner Place 1 of the Defendant CITY OF RIO GRANDE. Defendant ARCADIO J. SALINAS, III, is sued in his official capacity as City Commissioner Place 1 of the City of Rio Grande. The Defendant ARCADIO J. SALINAS, III, can be served with a copy of the amended pleading through his attorneys of record, Francisco J. Zabarte/Aguilar*Zabarte, L.L.C., at 900 Marine Drive, Brownsville, Texas, 78520.

5. The Defendant REY RAMIREZ is a resident of Starr County, Texas and is the City Commissioner Place 2 of the Defendant CITY OF RIO GRANDE. Defendant REY RAMIREZ is served in his official capacity as City Commissioner Place 2 of the City of Rio Grande. The Defendant REY RAMIREZ can be served with a copy of the amended pleading through his attorneys of record, Francisco J. Zabarte/Aguilar*Zabarte, L.L.C., at 900 Marine Drive, Brownsville, Texas, 78520.

6. The Defendant HERNAN R. GARZA, III, is a resident of Starr County, Texas and is the City Commissioner Place 3 of the Defendant CITY OF RIO GRANDE. Defendant HERNAN R. GARZA, III, is served in his official capacity as City Commissioner Place 3 of the City of Rio Grande. The Defendant HERNAN R. GARZA, III, can be served with a copy of the amended pleading through his attorneys of record, Francisco J. Zabarte/Aguilar*Zabarte, L.L.C., at 900 Marine Drive, Brownsville, Texas, 78520.

7. The Defendant DAVE JONES is a resident of Starr County, Texas and is the City Commissioner Place 4 of the Defendant CITY OF RIO GRANDE. Defendant DAVE JONES is served in his official capacity

as City Commissioner Place 4 of the City of Rio Grande. The Defendant DAVE JONES can be served with a copy of the amended pleading through his attorneys of record, Francisco J. Zabarte/Aguilar*Zabarte, L.L.C., at 900 Marine Drive, Brownsville, Texas, 78520.

### III.
### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this cause because it involves a dispute over title to land and this state district court has jurisdiction over trespass-to-try title actions, declaratory judgment causes of action to interpret the rights and obligation of the parties under the relevant instruments and the Defendants have waived sovereign immunity to these cause of action.

2. Though Defendant CITY OF RIO GRANDE is a local governmental entity and, more particularly, a home rule municipality that is never immune from suit under the common law and that doctrine extends to its officers and employees including the Co-Defendants named in this amended petition meaning they are not immune from being sued or from judgment. When the Defendant City of Rio Grande became a home rule municipality, it waived sovereign immunity for itself and its officers and employees. Further, the Defendant City of Rio Grande has waived sovereign immunity by asserting that it is a party to a contract with Plaintiff through claimed privity with a lessee with whom the Plaintiff made a rental agreement and, if Defendant City of Rio Grande is found to be a party to this lease agreement then it has breached the lease by not paying rent for its use of the "premises".

3. The Plaintiff is asserting a claim for the unconstitutional taking of Plaintiff's property without payment of due consideration under Article I, Section 17, Texas Constitution. Under Article I, Section 17, Texas Constitution, the Defendants are not immune from court actions such as this one alleging an unconstitutional taking of property.

4. The Plaintiff has added and sued the Mayor and City Commissioners of the Defendant City of Rio Grande in there official capacities.

5. Venue of this cause of action is in Starr County, Texas, under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property located in Starr County, Texas.

## IV.

## **OPERATIVE FACTS**

1. The Plaintiff RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT is the owner of a 0.64 of an acre tract of land by virtue of Plaintiff's purchase as evidenced by a deed dated January 23rd, 1948, issued by the United States of America, as grantor, to Plaintiff, as grantee, in and to 366.34 acres. This deed is recorded at Vol. 151, pages 275-279, Deed Records of the Office of the County Clerk of Starr County, Texas.  This deed from the Untiled States of America to the Plaintiff School District was recorded on March 10th, 1948, in the Deed Records of the Office of the County Clerk of Starr County, Texas.  The Plaintiff attaches a true and correct copy of this deed dated January 23rd, 1948, issued to the Plaintiff in conveyance of the 366.34 acres as Exhibit "A" to this petition and incorporates it by reference.

2.  The 0.64 of an acre in dispute in this cause lies within these 366.34 acres.  The 0.64 of an acre tract is more particularly described as follows:

    **A Sixty-four Hundredths (0.64) acre tract of land out of Tract No. 3 formerly United States Military Reservation called Fort Ringgold, of the partition of Porciones Nos. 80 and 81, Camargo jurisdiction, Starr County, Texas, and described by metes and bounds as follows:**

    **Beginning at a fence corner, the intersection of the South right of way line of State Highway No. 83, and the West right of way of Aguirre Avenue, for the N.E. corner hereof; Thence with the West right of way of Aguirre Avenue, S. 9-48' W. 160 feet to a stake for the S.E. corner hereof;  Thence N. 80-12' W. 12' W. 125 feet to a stake for the S.W. corner hereof;  Thence N. 9-48' E. 285.3 feet to a stake in the South right of way of State Highway No. 83, for the N.W. corner hereof;  Thence with the South right of way of State Highway No. 83, S. 35-19' E. 1976.8 feet to the place of beginning. (hereafter referred to as the "premises" in this amended petition).**

3.  In the deed (Exhibit "A") issued to and in favor of Plaintiff, the grantor United States of America reserved the following generally described tract of land out of the 366.34 acres for its use and denoted by the following language in the deed dated January 23rd, 1948:

    " . . . and RESERVING, HOWEVER, TO THE GRANTOR . . . the buildings known as the IMMIGRATION OFFICE BUILDING constructed by the United States Public Health Service and the Brick Incinerator constructed by the United States Department of

Agriculture, and also the right to use the land occupied by the said buildings together with the right of ingress and egress thereto . . .". The part of the deeded 366.34 acres reserved by the grantor United States of America under the deed dated January 23rd, 1948, for its use comprised 3.65 acres of land and that is where the 0.64 of an acre lot constituting the "premises" is situated.

4. The use of the term "RESERVING" by the grantor United States of America in the deed dated January 23rd, 1948 (Exhibit "A") transferring the 366.34 acres to Plaintiff instead of utilizing the word "excepting" verifies that the grantor United States of America intended to reserve the 3.65 acres for use only and not for the purpose of retaining the ownership and title to the same 3.65 acres in the name of the Grantor United States of America.

5. The deed from the United States of America to Plaintiff that is attached as Exhibit "A" to this pleading had the following contractual provision:

> "*TO HAVE AND TO HOLD the forgoing described premises, together with all and singular the rights, privileges and appurtenances thereto in anywise belonging, unto the said Grantee, its successors and assigns, forever, so that neither the United States of America nor its assigns, nor any person claiming under it shall, at any time thereafter, have claims or demand any right or title to the aforesaid premises or appurtenances, or any part thereof*.
> (emphasis supplied),

that contractually estoppel and barred the United States of America and its assigns from trying to claim or demand title in the future to any of the 366.34 acres that it had conveyed to the Plaintiff per the deed shown in Exhibit "A". In short, the United States of America contractually waived the making of any future claims or demands of

right or title to the 366.34 acres or any portion of it in the future after the deed (Exhibit "A") was executed on January 23rd, 1948.

6. On November 6th, 1958, the United States of America entered into a written lease with the Plaintiff on a lease form prepared and presented by the United States of America in order to rent 3.65 acres from Plaintiff that included the "premises".

7. The 3.65 acres out of the 366.34 acres that the United States of America leased from Plaintiff on November 6th, 1958, contains a description of the 3.65 acres by metes and bounds as follows:

**A portion of land known as U.S.A. Border Patrol Tract A-100, located within the area known as Old Fort Ringgold, Rio Grande City, Texas, situated in Porcion Nos. 80 and 81, Camargo jurisdiction, Starr County, Texas, being more particularly described as follows:**

**BEGINNING at a point at the intersection of the most northerly point of the U.S. Border Patrol tract with the westerly right-of-way line of U.S. Highway No. 83;**

**THENCE S 09* 48' W a distance of 285.51 feet to a point;**

**THENCE S 80* 12' E a distance of 125.00 feet to a point;**

**THENCE S 09* 48' W along the west right-of-way line of Aguirres Avenue a distance of 300.00 feet to a point;**

**THENCE N 86* 42' 50" W a distance of 127.72 feet to a point;**

**THENCE N 14* 48' 30" W a distance of 546.00 feet to a point;**

**THENCE S 75* 11' 30" W a distance of 40.00 feet to a point**

**THENCE N 14* 48' 30" W a distance of 200.00 feet to a point;**

**THENCE N 74* 16' E a distance of 215.97 feet to the westerly right-of-way line of U.S. Highway 83;**

> **THENCE S 35* 05' E along said right-of-way a distance of 218.29 feet to the POINT OF BEGINNING, containing 3.65 acres, more or less.**

8. The Plaintiff points out that the reservation of the 3.65 acres inclusive of the "premises" made by the Grantor United States of America in the deed dated January 23rd, 1948, was for "government use" only and, when this use ceased, the right to superior possession returned to the grantee, namely the Plaintiff.

9. The original lease agreement dated November 6th, 1958, was subsequently amended twice by agreement of the Plaintiff and the United States of America per Supplemental Lease Agreement No. 1 dated January 15th, 1959, and Supplemental Lease Agreement No. 2 dated June 25th, 2015. The second amended lease deleted 0.51 of an acre out of the rented 3.65 acres, but the United States of America continued and continues to this date leasing the "premises" from Plaintiff.

10. The event that the United States of America leased the 0.64 of an acre from the Plaintiff as lessor gives rise to the presumption that the United States of America conveyed the "premises" back to the Plaintiff per a deed or grant that was subsequently lost thus negating the "Deed Without Warranty" that the Defendants are asserting to claim a leasehold interest to the "premises".

11. Plaintiff is the owner and is entitled to possession of the "premises.

12. On October 19th, 2004, Defendant City of Rio Grande caused to be executed and signed an instrument entitled: "Deed Without Warranty" from the United States of America, as grantor, to the Defendant, as grantee, of the "premises" owned by the Plaintiff. This "Deed

       Without Warranty" is recorded under Document Number 241619 and at Volume 118, pages 301-312, Deed Records of the Office of the County Clerk of Starr County, Texas, and has created a cloud on Plaintiff's title to the "premises".

13. The Defendants have admitted that the Defendant City of Rio Grande does not own the "premises" by virtue of the above-described "Deed Without Warranty", but they now allege that it is a lessee of the "premises" and that Plaintiff is the landlord under the "Deed Without Warranty" from the United States of America, as grantor, by virtue of the lease made by Plaintiff and the United States of America covering 3.65 acres that included the "premises" and that is dated November 6th, 1958. This land lease was later amended by a document entitled Supplemental Agreement No. 1 to Lease No. DA-41-243-ENG-3846 by adding to Paragraph 2 of the prior lease instrument the following language: "to be use for government purpose" and by deleting Paragraph 10 from the original lease in its entirety. On June 15th, 2015, the United States of America amended the lease for a second time through Supplemental Lease No.2 to Lease No. DA-41-243-ENG3846 whereby the parties agreed to delete the tract of land consisting of 0.51 of an acre from the lease but still kept the "premises" under rent.

14. By letter dated August 5th, 2015, Plaintiff gave Defendant written notice and demand to vacate 0.51 of an acre and, also, the 0.64 of an acre that are next to each other. The Defendant City of Rio Grande had entered into agreement without the Plaintiff Board of Trustees' formal authorization that allowed the Defendant City of Rio Grande to use the 0.51 of an acre and the "premises" without the benefit of any

consideration to the Plaintiff per an oral agreement made between Basilio Villarreal, Jr., former President of the Plaintiff's School Board of Trustees, and his brother, who was Mayor of the Defendant City of Rio Grande.  The Defendant vacated the 0.51 of an acre, but then on or about August 7th, 2015, removed its entire operations into and started using the "premises" composed of 0.64 of an acre though the Plaintiff had informed Defendant in the same letter dated August 5th, 2015, that it was also the owner of the "premises".

15. Though initially the Defendants claimed that the City of Rio Grande owned the "premises" under the "Deed Without Warranty", the Defendants subsequently changed their position and started claiming that the Defendant City of Rio Grande was a beneficiary lessee of the lease dated November 6th, 1958, per operation of the "Deed Without Warranty" under the predicate that it was a lessee of the "premises". On or about August 7th, 2015, Defendants unlawfully entered upon and dispossessed Plaintiff of the "premises by occupying and using it as a parking and storage lot for motor vehicles. In any event, the Defendant City of Rio Grande cannot assert title to the "premises" by virtue of the "Deed Without Warranty" due to the provision quoted above and contained in the deed dated January 23rd, 2016. (Exhibit'A").

16. Though Plaintiff requested that the Defendants vacate the "premises", the Defendants refused and continue in possession of the "premises".

17. The Defendants did not offer to pay rent for the "premises" and they have not paid rent for its use.

WMICROSOFTWORD-RE-ORIGINAL PET-15-034-FIRST AMENDED OP-RIO GRANDE CITY CONSOLIDATED ISD

11

18. Plaintiff was on or about the date of August 7th, 2015, entitled to and is still entitled to sole and legal possession of the "premises" and Defendants still withhold possession of the "premises" from Plaintiff.

19. The fair rental value of the ground of the "premises" is $6,000.00 per month and Plaintiff is entitled to recover from Defendants the rent for the "premises" at the rate of $6,000.00 per month from on or about August 7th, of 2015, which was the date that the Defendants took possession of the "premises" after it was informed that the unauthorized oral agreement of Basilio Villarreal, Jr., and Ruben Villarreal had been revoked and these monthly rental amounts continued to be owned for so long as Defendants remain in possession and use of the "premises".

20. The Defendant City of Rio Grande has refused to vacate the "premises" and refused to pay rent after it received the written notice and demand dated August 5th, 2015.

V.

**FIRST CAUSE OF ACTION-TRESPASS-TO-TRY TITLE AND TO REMOVE CLOUD ON TITLE**

1. Based on the operative facts recorded above, the Plaintiff sues the Defendants in trespass-to-try-title to recover possession of the "premises" and to remove the cloud created on Plaintiff's title to the "premises" by the void "Deed Without Warranty" recorded under Document No. 241619 and Vol. 118, pages 301-302, Deed Records of the Office of the County Clerk of Starr County, Texas, and to remove the cloud created by this instrument and to quiet Plaintiff's title to the "premises".

**VI.**

## SECOND CAUSE OF ACTION-ISSUANCE OF DECLARATORY JUDGMENT

1. Pursuant to Chapter 37, Texas Declaratory Judgment Act, Texas Civil Procedure and Remedies Code, the Plaintiff requests that the Court interpret the parties' rights and obligations and issue a declaratory judgment finding that the "Deed Without Warranty" issued to and recorded by the Defendant City of Rio Grande is void because the "premises" at the time that this deed was signed and executed were owned by Plaintiff. Further, the Plaintiff asks for a declaratory judgment decreeing that the "Deed Without Warranty" under which Defendants claim an interest to the "premises" be canceled and rendered of no effect and force on Plaintiff's title to the "premises' and on the chain of title to the "premises". Finally, the declaratory judgment should specify that the Plaintiff has title to and a superior right to possession of the "premises" pursuant to the deed issued by the grantor United States of America dated January 23rd, 1948.

2. Plaintiff was compelled to retain the services of the undersigned attorney in order to prosecute its declaratory judgment action, and it is entitled to an award of reasonable and necessary attorney's fees for which it sues.

## PRAYER

THEREFORE, the Plaintiff RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT respectfully requests relief as follows:

A. that the Defendants be cited to appear and answer to this Second Amended Original Petition;

B. that upon a final hearing of the cause, Plaintiff be awarded judgment and recovery as follows against the Defendants, jointly, and severally:

    i. for title to and possession of the "premises";

    ii. for a declaratory judgment confirming that the "Deed Without Warranty" did not serve to give or grant a leasehold interest to the Defendant City of Rio Grande or the other Defendants and, indeed, that it is a void instrument;

    iii. a declaratory judgment that the "Deed Without Warranty" issued to Defendant as the purported grantee of the "premises" be declared null and void and of no effect and force because the grantor under that deed did not own or have the title to or enjoyed a right of superior possession to that of the Plaintiff;

    iv. for an award of $6,000.00 for lost rents and profits for each month that Defendants have occupied and used the "premises" and also for the months of occupation and use that will elapse until final judgment is rendered and signed in this case;

    v. for declaratory judgment that the "Deed Without Warranty" dated October 19th, 2004, and issued to Defendant City of Rio Grande concerning the "premises" be cancelled and removed from the Deed Records of the County Clerk of Starr County, Texas, because it poses a cloud on Plaintiff's title to the "premises" and that it be

      deemed not to have any effect on Plaintiff's title to the "premises" and on the chain of title of the "premises";

vi.  that the Court award Plaintiff court costs and attorney's fees in an amount determined by the Court to be reasonable for Plaintiff's prosecution of its declaratory judgment action; and

vii.  that the Court grant such further relief, at law and in equity, as may be deemed just and proper.

              Respectfully submitted,

              /S/ *Margil Sanchez, Jr.*
              Margil Sanchez, Jr.,
              Attorney-at-Law

Margil Sanchez, Jr.,
Attorney-at-Law,
P.O. Box 297,
Rio Grande City, Texas, 78582
Tel. No. 956-487-7575
Fax No. 956-487-8491
Email: msjlaw@yahoo.com
I.D. No. 17570800

## CERTIFICATE OF SERVICE

 I certify that the original copy of the Plaintiff's Second Amended Original Petition was sent by electronic transmission to Francisco J. Zabarte/AGUILAR-ZABARTE, LLC, at 990 Marine Drive, Brownsville, Texas, 78520, on October 12, 2016.

              /S/ *Margil Sanchez, Jr.*
              Margil Sanchez, Jr.
              Attorney at Law

heirs or assigns, forever. And we do hereby bind ourselves, our heirs, executors, and administrators to WARRANTY AND FOREVER DEFEND, all and singular the said premises unto the said Silvestre Perez Garza, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

    Witness our hands at Kenedy, Texas, this the 16 day of February, A.D. 1948.

Witnessess:

                                             Jose Perez

                                             Virginia Garza Perez

THE STATE OF TEXAS,

COUNTY OF KARNES

    Before me, the undersigned authority, a Notary Public, in and for Karnes County, Texas, on this day personally appeared Jose Perez and Virginia Garza de Perez, husband and wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each, executed the same for the purposes and considerations therein expressed. And she, the said Virginia Garza de Perez, wife of the said Jose Perez, having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Virginia Garza de Perez, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it.

    Given under my hand and seal of office, this the 16 day of February, A.D. 1948.

                                                      H. H. Schuenemann

              (L.S.)                          Notary Public in and for Karnes

                                                      County, Texas.

Filed for record the 17th. day of February, A.D., 1948 at 3:35 o'clock P. M. and recorded the 10th. day of March, A.D., 1948 at 11:55 o'clock A. M.

                                                      LAURO GARZA, County Clerk
                                                      STARR COUNTY, TEXAS

BY Lydia Mung DEPUTY.

---

File No. 27464                             QUIT CLAIM DEED                 151/275

UNITED STATES OF AMERICA         TO         RIO GRANDE CITY INDEPENDENT

                                                               SCHOOL DISTRICT.

    KNOW ALL MEN BY THESE PRESENTS: That the UNITED STATES OF AMERICA, acting by and through the Federal Works Agency, under and pursuant to the powers and authority contained in the provisions of the Surplus Property Act of 1944 (58 Stat.765), as amended; WAA Reg. No. 1, as amended; WAA Reg. No 5, as amended; and Executive Orders with respect thereto and all applicable rules and regulations issued under the authority of the said Act, Grantor, in consideration of the sum of Two Hundred Thousand Dollars ($200,000), to it duly paid by the Rio Grande City Independent School District, County of Starr, State of Texas, Grantee, the receipt of which is hereby acknowledged, does by these presents bargain, sell, release and forever quitclaim unto the said Grantee, its successors and assigns, all its right, title and interest in and to the following described property situate, lying and being in the County of Starr, State of Texas, to-wit:

    Being the former United States military reservation known as Fort Ringgold, situated in the northerly bank of the Rio Grande, adjoining Rio Grande City, in Starr County, State of Texas, and is more particularly described as follows:

    Beginning at a concrete monument marking the most westerly corner of the reservation, and the southeast corner of block 85 of Rio Grande City, and from which concrete monument the successive bearings and distances to an iron pin set at the intersection of the easterly line (produce

276

of Avasolo Street with the center line of Main, or 1st Street, Rio Grande City, are North 9 degrees 49 minutes East, 146.10 feet and North 71 degrees 11 minutes West, 185.16 feet, and running thence for the following courses and distances:

(1) North 9 degrees 49 minutes East 514.25 feet, crossing State Highway No. 4, to a point in the southerly line of the Rio Grande City Railway (Missouri Pacific) Company's property; a pyramidal concrete monument about 5 inches above ground, capped with a circular brass disk, being in the southerly line of 2nd Street, Rio Grande City, and State Highway No. 4, 436.67 feet from the beginning of course; thence along said railway company's property the following 9 courses, the first 4 of which are the approximate northerly line of State Highway No. 4.

(2) South 84 degrees 28 minutes East, 530.7 feet, to a point;
(3) North 79 degrees 04 minutes East 83.6 feet, to a point;
(4) North 56 degrees 30 minutes East 525.2 feet, to a point;
(5) North 70 degrees 49 minutes East, 718.9 feet, to a point;
(6) North 14 degrees 58 minutes West, 110.0 feet, to a point;
(7) South 81 degrees 04 minutes West, 584.0 feet, to a point;
(8) North 60 degrees 07 minutes West, 270.5 feet, to a point;
(9) North 30 degrees 40 minutes 30 seconds West, 272.0 feet to a point;
(10) North 15 degrees 11 minutes West 443.6 feet, to a 3 foot piece of railroad rail, marking the northeast corner of the railroad company's property, the westerly line of fractional city block No. 140, and the most northerly corner of the reservation, thence:
(11) South 80 degrees 11 minutes 30 seconds East 3,850.82 feet, to a concrete monument marking the most easterly corner of the reservation; thence;
(12) South 9 degrees 43 minutes West 5,007.6 feet, more or less, to the main bank of the Rio Grande, crossing the center line of the right-of-way of the Rio Grande City Railway Company (100 feet wide) and the curved center line of the pavement of State Highway No. 4, 1,964.6 feet and 686.6 feet successively from beginning of course, two brass capped concrete monuments being in line 4,773 feet (4 feet from edge of low bank) and 224.6 feet (10 feet more or less, from main bank) successively from beginning of course; thence;
(13) Southwesterly, 270 feet, more or less, normal to said main bank, to a point in the center line of the normal channel of the Rio Grande, said center line being the International Boundary Line between the United States and Mexico; thence:
(14) Northwesterly, 4,050 feet, more or less, along the said center line of the normal channel of the Rio Grande to a point in the low water bed as agreed upon by deed dated April 17, 1940; thence:
(15) North 9 degrees 49 minutes East 2,200 feet, more or less, to a brass capped concrete monument No. 2; a four course traverse (not the true boundary) run along the northerly bank of river to said monument from the brass capped concrete monument referred to in course No. 12 as being 10 feet, more or less, from main bank is described as follows:

(a) North 27 degrees 15 minutes West, 611.15 feet, to a hub;
(b) North 51 degrees 16 minutes West, 2000.0 feet, to a point;
(c) North 49 degress 43 minutes West, 1186.40 feet, to an iron pin in a seam of igneous rock (covered by approximately 12 feet of river silt deposit) from which iron pin the bearing and successive distances to a concrete monument in the high bank of the river near the southerly edge of old carpenter shop foundation, and the southwest corner of the wall of brick building No. 46 (quartermaster storehouse) is North 30 degrees 22 minutes East, 75.00 feet and 202.9 feet.
(d) North 49 degrees 29 minutes 30 seconds West, 506.80 feet, thence:
(16) North 31 degrees 09 minutes West, 558.6 feet, to a point in the east line of Rio Grande City, thence:

277

(17) North 31 degrees 11 minutes 30 seconds West, 476.4 feet, to the point of beginning

Excepting from the above described tract of land a public highway (state Highway No.4) containing an area of 10.7 acres, more or less, and a public highway to ferry and steamer landing containing at present an area of 1.4 acres, more or less, which area may vary considerably, due to the conditions of the Rio Grande; being the same lands acquired by the United States through condemnation proceedings entitled United States vs. Josefa Garza de Salinas, et als, No. 256, in the United States District Court of Starr County, Texas, March Term 1879, Quitclaim Deed dated March 14, 1940, executed by the Guardian of the Estates of Romeo Perez and Julieta Perez, minors, recorded December 18, 1942, in Deed Records of Starr County in Volume 126 page 264-266, and Quitclaim Deed dated April 17, 1940, executed by Lino Perez, Jr., and Romeo Perez, recorded December 18, 1942, in Deed Records of Starr County in Volume 126 at page 263-264, except that portion conveyed by the United States to the Rio Grande City Railway Company by Quitclaim Deed dated November 29, 1926, subject to a right of way granted by the United States to the Rio Grande City Railway Company November 29, 1926, for railway purposes over and upon a portion of the said Military Reservation comprising an area of 8.05 acres, more or less, as shown on Map No. 6596-102 entitled "Fort Ringgold, Texas, Boundary Map," scale 1"= 200', dated October 1928, revised July 3, 1942, on file in the Office of the Chief of Engineers, War Department, Washington, D. C.; and subject further to:

An easement for rights-of-way for sewer and water pipe lines granted August 26, 1929, by the Secretary of War to the Central Power and Light Company;

An easement for rights-of-way for telephone lines granted June 30, 1930, by the Secretary of War to Texas Associated Telephone Company, for a period of 50 years, in consideration of the payment of the sum of $12.00 per annum, in advance;

An easement for a right-of-way for an electric transmission line granted June 2, 1930, by the Secretary of War to Central Power and Light Company, for a period of 50 years, without payment of a monetary consideration, as amended February 9, 1934;

Existing right-of-way easements for roads and highways and further subject to any defects, objections, encroachments or deficiencies in area or description, which might be revealed by a title search or survey.

The above described tract of land contains an area owned in fee by the United States of 366.34 acres, more or less, of which 348.53 acres, more or less, are upland and 17.81 acres more or less are in the bed of the Rio Grande.

TOGETHER WITH all and singular the rights, privileges and appurtenances thereto in any wise belonging, and RESERVING, HOWEVER, TO THE GRANTOR rights-of-way thereon for ditches or canals constructed or to be constructed by the authority of the Government; the buildings known as the Immigration Office Building constructed by the United States Public Health Service and the Brick Incinerator, constructed by the United States Department of Agriculture, and also the right to use the land occupied by the said buildings, together with the right of ingress and egress thereto; and RESERVING FURTHER TO THE GRANTOR all uranium, thorium, and all other materials determined pursuant to section 5(b) (1) of the Atomic Energy Act of 1946 (60 Stat. 761) to be peculiarly essential to the production of fissionable material, contained, in whatever concentration, in deposits in the premises, together with the right of the Grantor through its authorized agents or representatives at any time to enter upon the land and prospect for, mine, and remove the same, making just compensation for any damage or injury occasioned thereby. However, such land may be used, and any rights otherwise acquired by this disposition may be exercised, as if no reservation of such materials had been made; except that, when such use results in the extracton of any such material from the land in quantities which may not be transferred or delivered without a license under the Atomic Energy Act of 1946, as it now exists

or may hereafter be amended, such material shall be the property of the United States Atomic Energy Commission, and the Commission may require delivery of such material to it by any possessor thereof after such material has been separated as such from the ores in which it was contained. If the Commission requires the delivery of such material to it, it shall pay to the person mining or extracting the same, or to such other person as the Commission determines to be entitled thereto, such sums, including profits, as the Commission deems fair and reasonable for the discovery, mining, development, production, extraction, and other services performed with respect to such material prior to such delivery, but such payment shall not include any amount on account of the value of such material before removal from its place of deposit in nature. If the Commission does not require delivery of such material to it, the reservation hereby made shall be of no further force or effect.

Said land was duly declared surplus and was assigned by the Surplus Property Board, predecessor in function to the War Assets Administration, to the Federal Works Agency, as disposal agency, pursuant to the provisions contained in the above cited legislation and WAA Regulation 1, as amended.

TO HAVE AND TO HOLD the foregoing described premises, together with all and singular the rights, privileges and appurtenances thereto in any wise belonging, unto the said Grantee, its successors and assigns, forever, so that neither the United States of America nor its assigns, nor any person claiming under it shall, at any time thereafter, have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof, provided however, that this conveyance is made and accepted upon the following condition subsequent which shall be binding upon and enforceable against said Grantee, its successors or assigns and each of them, as follows:

That it will not resell said premises within two years from the date of this instrument without first obtaining the written authorization of the War Assets Administration, or its successor in function, to such resale.

That in the event there is a breach of the above condition by the Grantee during said two year period, all right, title and interest of the Grantee in and to the said premises shall, at the option of the Grantor, revert to and become the property of the Grantor, which shall have the immediate right of entry upon said premises and the Grantee, its successors or assigns, shall forfeit all right, title and interest in said premises and in any and all of the tenements, hereditaments and appurtenances thereunto belonging;

PROVIDED HOWEVER, that the failure of the Grantor to insist in any one or more instances upon performance of the foregoing condition subsequent shall not be construed as a waiver or relinquishment of the future performance of such condition, but the Grantee's obligation with respect to such future performance shall continue in full force and effect; PROVIDED FURTHER that in the event the Grantor fails to exercise its option to reenter the premises for any such subsequent, together with all the rights of the Grantor to reenter thereon breach within three years from the date hereof, the foregoing conditions/as hereinabove provided shall as of that date terminate and be extinguished.

IN WITNESS WHEREOF, the Grantor has caused these presents to be executed in its name by the Federal Works Agency, acting by and through Philip B. Fleming, Federal Works Administrator of the Federal Works Agency, and the seal of the Federal Works Agency to be hereunto affixed this 23rd day of January, 1948.

Attest  
Maude E. Lyles                    (SEAL)

United States of America  
Acting by and through the  
FEDERAL WORKS AGENCY

Signed, sealed and delivered  
in the presence of:

By Philip B. Fleming  
Federal Works Administrator

Leona L. Kempainen  
G. Elizabeth Putney

UNITED STATES OF AMERICA |
DISTRICT OF COLUMBIA | SS.

Before me, Maude E. Lyles, a Notary Public in and for the District of Columbia, on this day personally appeared Philip B. Fleming known to me to be the person whose name is subscribed to the foregoing instrument, and known to me to be the Federal Works Administrator of the Federal Works Agency of the United States of America, and acknowledged to me that the same was the act and deed of the United States of America, and that he executed the same as the act of the United States of America for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office at Washington, D.C., this 23 day of January, 1948

My commission expires:
10/15/48           (L.S.)                Maude E. Lyles
                                          Notary Public

DISTRICT OF COLUMBIA, SS:                 No. 174243

I, HARRY M. HULL, Clerk of the District Court of the United Stateds for the District of Columbia, the same being a Court of Record, having by law a seal, do hereby certify that Maude D. Lyles before whom the annexed instrument in writing was executed, and whose name is subscribed thereto, was at the time of signing the same a NOTARY PUBLIC in and for said District duly commissioned and sworn, and authorized by the laws of said District to take the acknowledgment and proof of deeds or conveyances of lands, tenements, or hereditaments, and other instruments in writing, to be recorded in said District, and to administer oaths; and that I am well acquainted with the handwriting of said Notary Public and verily believe that the signature to said instrument and impression of seal thereon are genuine, after comparison with signature and impression of seal filed in this office.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, at the City of Washington, D.C., the 23rd day of January, A.D. 1948.

(L.S.)                                    Harry M. Hull, Clerk
                                          by Mae Gim Deputy Clerk

Filed for record the 18th dayyoffFebruary, A.D., 1948 at 10:45 o'clock A. M. and recorded the 10th. day of March, A.D., 1948 at 3:00 o'clock P. M.

                                          LAURO GARZA, County Clerk
                                          STARR COUNTY, TEXAS.

BY: *Lydia Muniz* DEPUTY.
File No. 27466

                    ASSIGNMENT
UNITED STATES OF AMERICA      TO      RIO GRANDE CITY INDEPENDENT SCHOOL DISTRICT

For value received, the United States of America, acting by and through the Federal Works Agency, under and pursuant to the powers and authority contained in the provisions of the Surplus Property Act of 1944 (58 Stat. 765), as amended, and all applicable rules and regulations issued under the authority of the said Act, and pursuant to the provisions of the contract of sale, dated, January 23rd 1948, between the United Stated of America and the Rio Grande City Independent School District, County of Starr, State of Texas, hereby sells, transfers, sets over and assigns unto the said Rio Grande City Independent School District all of its right, title and interest in and to the licenses and the lease hereinafter set forth as follows:

A revocable License to occupy the Post's Traders' premises, owned by the licensee, granted July 29, 1904, by the Acting Secretary of War to John E. Mix, without payment of a monetary consideration;

A Revocable License to construct and maintain a temporary frame building to be occupied and used for Custom House purposes by the Treasury Department and to tap and connect with the